UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONI CONRAN, Individually and as Trustee of the Conran Family Trust, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

Case No.:  2:24-cv-780-SPC-KCD

RAYMOND JAMES FINANCIAL, INC., RAYMOND JAMES FINANCIAL SERVICES ADVISORS, INC. and RAYMOND JAMES FINANCIAL SERVICES, INC.,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Defendants' Motion to Transfer to Tampa Division. (Doc. 23).  Plaintiff filed a Response in opposition (Doc. 27), and Defendants replied (Doc. 31).  The Motion is now ripe for review.

Plaintiff brought this action against Raymond James Financial (and its subsidiaries) alleging that its cash sweep programs offer "unreasonably low interest rates" for its clients.  (Doc. 1 ¶ 24).  She seeks class certification of a putative class of "[r]etail clients of Raymond James who has cash deposits or balances in Raymond James' Sweep Programs."  (Doc. 1 ¶ 82).  Although she

brought the action here in the Fort Myers Division, Defendants ask the Court to transfer the case to the Tampa Division.  Citing Local Rule 1.04(b) and 28 U.S.C. § 1404, they insist Tampa is a more convenient venue and where the action is most directly connected.  This is largely because: (1) Raymond James is headquartered in St. Petersburg, (2) the bulk of witnesses are in the Tampa Division, (3) the decision-making (which formulates Plaintiff's claim) occurred there, and (4) a parallel lawsuit is pending in the Tampa Division.  Plaintiff, of course, disagrees.  She argues the case should remain here mostly because she resides in the Fort Myers Division (in Punta Gorda) and her home Raymond James branch, where she received service for many years, is in this Division (in Naples).

Local Rule 1.04(b) provides that "A party must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced" and "the judge must transfer the action to the division most consistent with the purpose of this rule."  And 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  In determining whether transfer meets this threshold, courts consider these factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

In arguing the Tampa Division is the better venue, Defendant relies on four primary considerations. It notes that Raymond James is headquartered in the Tampa Division. Thus, the decision making—*i.e.*, what interest rate to assign to the cash sweep programs—giving rise to Plaintiff's injuries occurred in the Tampa Division.[1] *See, e.g.*, *Maxon v. Sentry Life Ins. Co.*, No. 6:17-CV-1569-ORL-40-TBS, 2018 WL 3850011, at *3 (M.D. Fla. Apr. 11, 2018) (noting the locus of operative facts was clearly located in the district where defendant was headquartered because "[t]he allegedly improper decisions and calculations" were made there and "[t]he policies themselves were drafted and issued" there). On that score, the presumptive witnesses—the Raymond James officers—are also located in Tampa. This is compelling. *But see id.* (noting the significance of this factor "is diminished when the witnesses, although in another district, are employees of a party and their presence at trial can be obtained by that party.").

---

[1] These decisions are made by Defendants' "Rate Setting Committee," the members of which are all located in the Tampa Division.

3

Defendants also cite a parallel case pending in the Tampa Division: *Schmidlin v. Raymond James Financial, Inc. et al.*, Case No. 8:24-cv-2041. As here, *Schmidlin* is also a class action regarding Raymond James' cash sweep program.[2] All parties in both cases agree the two should be consolidated after one is transferred. Although this action was the "first-filed," it is only so by one day. And a key distinction between the two cases is that *Schmidlin* has no connection at all to the Fort Myers Division, whereas this case is no doubt connected to Tampa.

Plaintiff, in opposition, relies on her own residency in Punta Gorda, which lies in the Fort Myers Division. And she argues that the Raymond James branch that she frequented is here, as is the Raymond James advisor that provided her services—who is a potential witness. This is the best she has to offer. She otherwise concedes that, no matter which Division, one of the parties will be inconvenienced. And "[w]here a transfer merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain." *Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1281 (S.D. Fla. 2020). But the Court is not convinced.

---

[2] Of note, the plaintiffs in the *Schmidlin* case seek to transfer that case to the Fort Myers Division. And in their motion to transfer, they concede that both cases "are nearly identical," all defendants are the same, and they have almost an identical putative class definition. *See Schmidlin*, 8:24-cv-2041 (Doc. 19 at 2).

4

That Fort Myers is Plaintiff's choice of forum is of little significance. In the class-action context, the weight afforded to the plaintiff's choice of forum is "considerably weakened." *See Maxon*, 2018 WL 3850011, at *4 (citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). What's more, Plaintiff apparently lives a mere ten miles from the Tampa Division's border, which significantly decreases any potential inconvenience of travel. And the fact Plaintiff maintained her accounts with a Raymond James brokerage office in this Division seems essentially meaningless. As best the Court can tell, Plaintiff has no issue with any conduct or business decisions that occurred in the Naples office. In fact, the advisor she interacted with at this office is not even mentioned in the Complaint. Rather, she takes issue with Raymond James' policies, the implementation of which occurred in Tampa by individuals located in Tampa. Indeed, it is difficult to see what connection (if any) this case has with the Fort Myers Division, other than Plaintiff's residence.

Given the foregoing, the Court finds transfer to the Tampa Division is appropriate. Although the bulk of witnesses will likely be Defendants' employees, the number of witnesses in Tampa vastly outweighs those here in the Fort Myers Division. The same is true of any potential evidence. Indeed, the entirety of Plaintiff's claim occurred in the Tampa Division. And other than Plaintiff's residence, there does not appear to be any significant connection to this Division. *Cf. Martinez v. Mkt. Traders Inst., Inc.*, No. 3:15-

CV-1215-J-34JBT, 2016 WL 7322792, at *1 (M.D. Fla. Nov. 22, 2016), *report and recommendation adopted*, 2016 WL 7243045 (Dec. 15, 2016) (transferring case from Jacksonville Division to Orlando because all the defendants conducted their business—which formed the basis of the plaintiff's claims—in the Orlando Division and "[t]he only connection of this action to the Jacksonville Division appears to be Plaintiff's residence").

The nail in the coffin for Plaintiff is the *Schmidlin* case. As noted above, *Schmidlin* has no connection to the Fort Myers Division. Conversely, both cases are proper in Tampa. Given consolidation of the two cases is inevitable, it would seem the Tampa Division is where both actions are "most directly connected" and "most conveniently advanced." So the case *must* be transferred to Tampa. *See* M.D. Fla. R. 1.04(b).

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Transfer to Tampa Division (Doc. 23) is **GRANTED**.

2. The Clerk is **DIRECTED** to **TRANSFER** this action to the Tampa Division of the Middle District of Florida and **CLOSE** the Fort Myers case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 25, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record